Matter of Joseph S. v Jennifer R.

2026 NY Slip Op 02697

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Joseph S., Respondent,

v

Jennifer R. et al., Appellants. (Proceeding No. 1.)

In the Matter of Jennifer R., Appellant,

Joseph S., Respondent, and Amber T. et al., Appellants. (Proceeding No. 2.)

Decided and Entered:April 30, 2026

CV-24-1275

Calendar Date: March 24, 2026

Before: Aarons, J.P., Ceresia, Mcshan And Corcoran, JJ.

Barbara Ann Montena, Ballston Spa, for Jennifer R., appellant.

Cynthia Feathers, Saratoga Springs, for Amber T. and another, appellants.

Ruchelman & Cruikshank, PC, Plattsburgh (Allan B. Cruikshank Jr. of counsel), for respondent.

Omshanti Parnes, Plattsburgh, attorney for the child.

[*1]

Ceresia, J.

Appeal from an order of the Family Court of Clinton County (Keith Bruno, J.), entered July 2, 2024, which (1) granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of parenting time.

Jennifer R. (hereinafter the mother) and Joseph S. (hereinafter the father) are the parents of the subject child (born in 2011). The mother and the father also have two older children in common, who live with the father. When the subject child was born, the mother and the father were separated, and another individual was initially presumed to be the child's father. That individual's parents, Amber T. and Curtis T. (hereinafter the grandparents), were granted legal and physical custody of the child when she was five months old, partly due to the mother's drug use. Soon afterward, the father filed a paternity petition and, in 2013, an order of filiation was entered confirming his paternity of the child. At the same time, a custody order entered on consent granted joint legal custody to the grandparents and the father, with primary physical custody to the grandparents and parenting time for the father every week, from Sunday morning through Tuesday night. Given that the father lives in Rensselaer County and the grandparents live three hours north in Clinton County, this arrangement required the child to spend six hours in the car for each weekly visit with the father. The order also provided supervised parenting time to the mother, who lives in Clinton County, as arranged with and supervised by the grandparents and/or the father. A 2016 consent order continued this arrangement, except the father's parenting time was switched to Friday night through Sunday night.

In 2023, the father filed a modification petition seeking sole legal and physical custody of the child, with weekend visitation for the grandparents and supervised parenting time for the mother. The mother then filed a modification petition wherein she sought unsupervised parenting time. Family Court held a fact-finding hearing on both petitions between late 2023 and early 2024, and also conducted a Lincoln hearing, after which the court granted primary physical custody to the father, with visitation for the grandparents one weekend per month and at other specified times. The court dismissed the mother's petition and ordered that her supervised parenting time would continue. The grandparents and the mother appeal.FN1

Turning first to the grandparents' appeal, they do not challenge Family Court's award of primary physical custody to the father. Instead, they argue that they should have been granted visitation every other weekend rather than one weekend per month, given that they had raised the child since infancy and were strongly bonded with her. "Family Court has considerable discretion in fashioning a grandparent visitation [*2]schedule in the child's best interests, and this Court will not disturb such an award if it is supported by a sound and substantial basis in the record" (Matter of Donald UU. v Shirleen UU., 242 AD3d 1342, 1342 [3d Dept 2025] [citations omitted]; see Matter of Anne MM. v Vasiliki NN., 203 AD3d 1476, 1481 [3d Dept 2022]).

Family Court recognized the grandparents' loving relationship with the child, while also acknowledging the heavy toll that the existing schedule of extensive travel had taken on her. That is, the child was unable to participate in sports and other activities that she enjoyed due to being away every weekend, and she was in therapy to treat the anxiety that she suffered as a result of the frequent household changes. The court thoughtfully balanced these competing factors, acknowledging that its overriding concern was for the child's best interests. The court ultimately saw fit to award the grandparents one weekend of visitation per month, together with substantial additional visitation throughout the year on holidays, school breaks and in the summer. Upon our review of the record of the fact-finding and Lincoln hearings, we find no basis to modify the visitation schedule ordered by the court (see Matter of Melissa X. v Javon Y., 200 AD3d 1451, 1454 [3d Dept 2021]; Matter of Deborah Z. v Alana AA., 185 AD3d 1174, 1178 [3d Dept 2020]).

As for the mother's appeal, she argues that Family Court abused its discretion in denying her request for unsupervised parenting time with the child. "An order of supervised parenting time will be warranted where the court finds that unsupervised parenting time would be detrimental to the child[ ]'s safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (Matter of Lynn X. v Donald X., 162 AD3d 1276, 1277 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; accord Matter of Kelly SS. v Justin TT., 244 AD3d 1345, 1346 [3d Dept 2025]). Family Court's determination as to whether parenting time should be supervised is entitled to great deference unless it lacks a sound and substantial basis in the record (see Matter of Ann T. v James U., 241 AD3d 1662, 1664 [3d Dept 2025]; Matter of Lynn X. v Donald X., 162 AD3d at 1277).

The hearing evidence reflected that, although the mother lived close to the grandparents, she had visited the child only sporadically throughout the child's life until shortly before filing her modification petition, when her visits became more regular. The mother had visited her two older children even less often, leading to tension between those children and the subject child. Rather than providing an explanation for her inconsistent presence in the lives of her children, the mother claimed that they had been taken from her for no reason, without acknowledging her role in that outcome. In support of her request for unsupervised parenting time, the mother focused on the fact that she had been sober for eight [*3]years. As Family Court noted, however, the mother's sobriety appeared to be based primarily upon her enrollment in a methadone treatment program. The mother's methadone dosage had steadily increased to a high level at the time of the hearing, with no indication of any plan to decrease it, and the mother was not utilizing other established tools such as a 12-step program or sponsor (compare Matter of Beeken v Fredenburg, 145 AD3d 1394, 1396 [3d Dept 2016]). Ultimately, the court determined that more time was needed for the mother to build trust with the child. Deferring to the court's credibility determinations as we must, and noting again our review of the transcripts of the fact-finding and Lincoln hearings, we conclude that the court correctly dismissed the mother's modification petition for unsupervised parenting time (see Matter of Tina X. v Thomas Y., 233 AD3d 1272, 1276 [3d Dept 2024]; see also Matter of Autumn B. v Jasmine A., 220 AD3d 1073, 1077 [3d Dept 2023], lv denied 41 NY3d 901 [2024]).

Finally, contrary to the mother's contention, Family Court did not improperly delegate its authority to determine the terms of her supervised parenting time to the father and the grandparents. A court "may order visitation as the parties may mutually agree so long as such an arrangement is not untenable under the circumstances" (Matter of Sarah I. v Ian J., 233 AD3d 1334, 1337 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 43 NY3d 904 [2025]; see Matter of Kelly SS. v Justin TT., 244 AD3d at 1348). Here, there was no indication that the court's order directing the mother's parenting time to be arranged with the father and the grandparents was untenable, insofar as it was merely a continuation of the parties' longstanding agreement, and both the father and the grandmother testified that they supported and encouraged the mother's visits with the child.

Aarons, J.P., McShan and Corcoran, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1

The attorney for the child is supportive of Family Court's order in all respects.